OPINION
Defendant-appellant, Paul David Johnston, Jr., appeals his convictions in the Franklin Municipal Court for sexual imposition and contributing to the unruliness of a minor. We affirm the decision of the trial court.
Appellant participated in a camp-out with Ricky, Jay, Shawn and Trey, four boys between ages of thirteen and fourteen. Appellant was nineteen years old. They camped in a tent in a backyard.
Sometime late in the evening, somebody suggested playing a game of "truth or dare." Everyone participated in the game except Trey, who had fallen asleep. The dares were initially relatively benign: knocking on a house door, starting a power saw in the garage, and running around the tent in boxer shorts. The dares later became sexual.
Somebody dared the group to have a "shooting" or "squirting" contest. Apparently, the "contest" was to see who, by means of masturbation, could project his ejaculate the farthest. Appellant participated in the "contest." Appellant dared the boys to touch each other's penises and engage in oral sex with each other. Appellant, in response to dares, fondled Jay and Ricky.
Appellant was charged with two counts of sexual imposition and one count of contributing to the unruliness of a minor. At the conclusion of the state's evidence, appellant moved the court for a judgment of acquittal pursuant to Crim.R. 29. The trial court overruled appellant's motion. The trial court found appellant guilty of all three charges. Appellant appeals from the decision of the trial court and raises four assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF THE APPELLANT BY REFUSING TO EXCLUDE THE PROSECUTION'S EVIDENCE PURSUANT TO [CRIM. R. 16].
In his first assignment of error, appellant argues that the trial court erred by refusing to sanction the state for failing to respond to his discovery requests.
Shortly after appellant was charged with the crimes in this case, he made a written request for discovery from the state. The state provided appellant with a copy of the criminal complaints and the investigating officer's report. The state did not disclose any additional evidence to appellant. One day prior to trial, appellant moved the trial court to exclude all of the state's remaining undisclosed evidence.
On the day of trial, appellant learned that the state possessed a transcript of appellant's interview with police officers in which appellant admitted to criminal activity. The state did not previously disclose the transcript to appellant. Appellant requested that the trial court, pursuant to his motion, prohibit the state from entering the transcript into evidence. The trial court declined to exclude the transcript on the basis that appellant never moved the trial court to compel discovery.
Crim.R. 16 governs the discovery process in a criminal trial and provides in relevant part:
 (A) Demand for discovery. Upon written request each party shall forthwith provide the discovery herein allowed. Motions for discovery shall certify that demand for discovery has been made and the discovery has not been provided.
 (B) Disclosure of evidence by the prosecuting attorney.
 (1) Information subject to disclosure.
 (a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:
 (i) Relevant written or recorded statements made by the defendant or co-defendant, or copies thereof;
 (ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer;
 (iii) Recorded testimony of the defendant or co-defendant before a grand jury.
Compliance with Crim.R. 16 is mandatory. City of Lakewood v.Papadelis (1987), 32 Ohio St.3d 1, 3-4. A party has a duty to comply with a discovery request of an opposing party and may not ignore the request until a court orders compliance. Id. at 4. Where a party fails to comply with a discovery request, the filing of a motion to compel discovery is not a prerequisite to the imposition of sanctions by the trial court pursuant to Crim.R. 16.[1] Id. at paragraph one of the syllabus.
When the state fails to disclose discoverable material, the trial court has the discretion to impose a sanction for the nondisclosure. State v.Parson (1983), 6 Ohio St.3d 442, 445. The court is not bound to exclude the discoverable material, although it may do so at its option. Id. A reviewing court will not disturb a trial court's decision regarding sanctions under Crim.R. 16 absent an abuse of discretion. Id.
To find that a trial court abused its discretion by failing to exclude evidence that the state did not disclose as required by Crim.R. 16, a reviewing court must determine whether the record demonstrates
 (1) that the prosecution's failure to disclose was a willful violation of Crim.R. 16, (2) that foreknowledge of the [material] would have benefited the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the statement.
Id. at syllabus.
The state had a duty to disclose the statements at issue in this case pursuant to appellant's discovery request. However, we are unable to conclude from the record that the trial court abused its discretion by failing to sanction the state.[2] Appellant is unable to demonstrate he was prejudiced by the trial court's decision. The state never offered into evidence the transcript of appellant's statements to police. After the first day of trial, the remainder of the trial was continued for one week. When the trial resumed, appellant's trial counsel effectively used the transcript to cross-examine the testifying police officers. As such, appellant has failed to show how foreknowledge of the statement would have further benefited him in the preparation of his defense. Finally, there is nothing in the record to indicate that the state's failure to disclose the statement was a willful violation of Crim.R. 16, or anything other than a negligent omission on its part. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE CONVICTIONS OF APPELLANT ON THE TWO (2) COUNTS OF SEXUAL IMPOSITION AND THE ONE (1) COUNT OF CONTRIBUTING [sic] WAS AGAINST BOTH THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE AND, THEREFORE, THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF APPELLANT BY CONVICTING HIM ON ALL THREE (3) COUNTS.
In his second assignment of error, appellant challenges his convictions on two separate bases. First, appellant argues that the state failed to introduce legally sufficient evidence to support his conviction. Second, appellant argues that his conviction is against the manifest weight of the evidence. Each argument will be addressed in turn.
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks, 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
Appellant was charged with two separate crimes. First, appellant was charged with two counts of sexual imposition in violation of R.C.2907.06(A)(1), which states
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 (1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.
"Sexual contact" includes any touching of an erogenous zone of another, including the thigh, genitals, buttock, pubic region for the purpose of sexually arousing or gratifying either person. R.C. 2907.01(B). A person acts recklessly when, "with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).
Second, appellant was charged with one count of contributing to the unruliness or delinquency of a minor in violation of R.C. 2919.24(A)(1), which prohibits aiding, encouraging, or contributing a child to become unruly or delinquent. An "unruly child" includes any child "[w]ho so deports himself as to injure or endanger the health or morals of himself or others." R.C. 2151.022.
Officer David Short of the Middletown Police Department testified that appellant admitted to participating in a game of truth or dare with the three boys. Appellant admitted to Officer Short that he placed his hands down Jay's pants "for a few seconds" and touched his penis. He admitted doing the same to Ricky. Appellant stated that he dared Shawn to perform oral sex on Jay.
Detective Smith[3] of the city of Franklin Police Department testified that appellant "encouraged or dared" Shawn to touch Jay's genitals. Appellant also admitted to placing his hands down Ricky and Jay's pants and touching their penises.
Shawn, who was thirteen years old at the time, testified that appellant encouraged the boys to touch themselves. Shawn saw appellant "stick his private part" in Jay's anus and Ricky's anus. Appellant told Shawn to "suck on Jay's penis," stating "other boys do it" and "it was not wrong." Ricky and Jay both testified that appellant participated in the "shooting contest."
Shawn's mother learned about the events that took place during the camp-out and confronted appellant about his behavior. She testified that appellant did not deny he was daring the boys to touch each other's penises.
Viewing this ample evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could find the essential elements of sexual imposition and contributing to the unruliness of a minor proven beyond a reasonable doubt.
A reviewing court will not reverse a judgment as against the manifest weight of the evidence in a bench trial where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eskridge (1988),38 Ohio St.3d 56, 59; City of Middletown v. Ramsey (Sept. 19, 1988), Butler App. No. CA87-11-149, unreported. The standard for reversal for manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
In contrast to the state's evidence, appellant denied that the "shooting contest" occurred and that he participated in sexual contact with the boys. He blamed Shawn for beginning the sexual dares. Appellant testified that Shawn dared him to touch Ricky and Jay's penises, but he only touched their stomachs. Appellant claimed that Shawn performed oral sex on him during the night, but he told Shawn to stop. He also stated that he discovered Shawn performing oral sex on Ricky the next morning. Jay and Ricky denied that appellant engaged in sexual activity with them and blamed Shawn as the aggressor.
Appellant testified that he admitted to the police that he committed the crimes only "to protect Ricky" since appellant was a victim of sexual abuse as a child. Dr. Solomon Fulero, a psychologist and lawyer, opined that appellant has a personality consistent with a person who is susceptible of falsely confessing.
The trial court weighed the evidence and found Shawn's account of the events to be the most credible. The trial court found Ricky and Jay's denials to be less credible, but understandable given their ages and the nature of the activities. The trial court did not accept appellant's attempt at trial to recant his prior admissions to the police.
There was ample evidence presented by the state to convict appellant of the crimes for which he was charged. It is the role of the trial court to weigh the state's evidence against appellant's attempt to recant his admissions to the police. It is the role of the trial court to assess the credibility of the witnesses and determine which aspects of the boys' testimony was credible. Based on a thorough review of the record, we find that the trier of fact neither lost its way nor created a manifest miscarriage of justice by finding appellant guilty of sexual imposition and contributing to the unruliness of a minor. Appellant's convictions are not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF THE DEFENDANT BY FILING [sic] TO GRANT DEFENDANT'S CRIM.R. 29 MOTION FOR ACQUITTAL BECAUSE THE STATE FAILED TO ESTABLISH A PRIMA FACIE CASE AS TO EACH ELEMENT OF THE CRIME CHARGED.
In his third assignment of error, appellant argues that the trial court erred by denying his motion for acquittal pursuant to Crim.R. 29.
Crim.R. 29 mandates that a trial court must enter a judgment of acquittal if the state's evidence is insufficient to sustain a conviction. Appellant raised an identical challenge to his conviction in his second assignment of error. Since we have already determined that the state presented sufficient evidence to convict appellant for sexual imposition and contributing to the unruliness of a minor, appellant's third assignment of error is overruled as moot.
Assignment of Error No. 4:
 DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
In his fourth assignment of error, appellant argues that he received ineffective assistance of counsel. Specifically, appellant maintains that his trial counsel failed to effectively cross-examine Shawn.
We note with interest that appellant's appellate counsel also served as his trial counsel. "Where a defendant is represented by the same counsel at trial and on the direct appeal that follows the trial, * * * a claim of ineffective assistance of counsel cannot be made by the defendant on appeal." State v. Tinch (1992), 84 Ohio App.3d 111, 126. The rationale for refusing to allow an ineffective assistance claim under such circumstances is that counsel cannot realistically be expected to effectively argue his or her own ineffectiveness or incompetence. Id; see, also, State v. Jones (Nov. 29, 1996), Ashtabula App. No. 96-A-0009, unreported.
Accordingly, because appellant's appellate counsel cannot raise his own ineffectiveness or incompetence on this appeal, appellant's fourth assignment or error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] Crim.R. 16(E)(3) provides a range of sanctions that the trial court, in its discretion, may impose upon a party who has failed to comply with the rules of discovery:
 If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
[2] Our conclusion that the trial court did not abuse its discretion in not sanctioning the state should not be construed as an approval of the discovery violation that occurred in this case. As the Ohio Supreme Court noted in a similar case:
 Crim.R. 1(B) provides that the "* * * rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice * * *." Crim.R. 16 is no exception! We are constrained to remind all who are involved with the use of Crim.R. 16 (and all the rules) that the rule is there to be applied and followed — not in part but in whole.
State v. Bidinost (1994), 71 Ohio St.3d 449, 457 fn. 5.
[3] Detective Smith's full name is not in the record.